UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 08-20061-CIV-GOLD/MCALILEY

JORDYS CERVINO,

    Plaintiff,

v.

MILUM, INC., LUIS MARTINEZ,
and MILEIDY MARTINEZ,

    Defendants.
_____/

## ORDER DENYING MOTION TO DISMISS AS MOOT; GRANTING MOTION FOR SUMMARY JUDGMENT IN PART

THIS CAUSE comes before the Court on the Motion to Dismiss [DE 8] and the Motion for Summary Judgment [DE 30] filed by Defendants. Plaintiff Cervino brought this case against Defendants under the Fair Labor Standards Act (FLSA) for alleged overtime, straight time, and minimum wage violations. Defendants moved to dismiss and moved for summary judgment on the grounds that Defendants are governed by the Motor Carrier Act, and they are therefore exempt from the FLSA's overtime provisions. At oral argument, the parties agreed that the Motion for Summary Judgment subsumes the Motion to Dismiss. Therefore, I address only the Motion for Summary Judgment and deny the Motion to Dismiss as moot. Having reviewed the Motion, Response, and Reply, as well as the relevant case law, and having heard oral argument on May 2, 2008, I grant the Motion for Summary Judgment in part and reserve to rule on the remaining issues after supplemental briefing.

1

I.     Background

In his Amended Complaint, Plaintiff alleges that he was a delivery man and loader and unloader while he worked for Defendants, beginning on September 15, 2004. DE 6, ¶ 9. Plaintiff alleges that he worked an average of 55 hours per week for Defendants, *id.* at ¶ 10, and that he was supposed to be paid an hourly rate of $21.50 per hour pursuant to the Defendants' contract with the U.S. Post Office. *Id.* at ¶ 11. Plaintiff alleges that he was not paid straight time or overtime wages for hours that he worked in excess of 40 hours per week. *Id.*; *see* Statement of Claim, DE 7. As such, Plaintiff brings claims for overtime, straight time, and minimum wage violations. *Id.* at ¶ 12.

The following relevant facts are not contested by the parties:[1] Defendant Milum, Inc. is a contractor for the U.S. Postal Service, transporting mail within interstate commerce. Affidavit of Luis Martinez, ¶ 1 [DE 31-2]. Defendants hired Plaintiff Cervino as a driver, and he operated an 18-wheel tractor-trailer to transport mail from one postal location to another. *Id.* at ¶¶ 2, 5. The mail transported by Defendants includes mail that is destined for delivery outside of Florida and mail sent to Florida locations from other states. *Id.* at ¶ 6. Plaintiff Cervino has a Class A CDL license, which permits him to operate a tractor-trailer combination, and during his employment with Defendants, Plaintiff Cervino only operated commercial vehicles weighing more than 10,001 pounds. *Id.* at ¶ 2.

---

[1] Plaintiff did not submit any affidavits or other evidence in support of its response to Defendants' Motion for Summary Judgment. *See United States v. One Piece of Real Prop. Located at 5800 SW 74th Ave.*, 363 F.3d 1099, 1103 n.6 (11th Cir. 2004) (stating that a court, after reviewing the record and concluding that there is no genuine issue of material fact, may consider summary judgment movant's facts admitted if the facts are not controverted by the nonmoving party).

Defendant Milum has a written contract with the U.S. Postal Service, and Plaintiff Cervino was employed with Milum pursuant to that contract. Declaration of Mileidy Martinez, at ¶ 2 [DE 11]. Under the subheading "SAFETY REQUIREMENTS," this contract provides

> The supplier shall conduct its operations under this contract in full compliance with (i) the United States Department of Transportation (DOT) Motor Carrier Safety Regulations, as set out in 49 C.F.R. Parts 390-397, (ii) all other applicable federal laws and regulations, and (iii) all applicable state laws and regulations.
> DE 11 at 7-8.

II.  Standard of Review

According to Federal Rule of Civil Procedure 56(c), summary judgment is authorized when the pleadings and supporting materials show that there is no genuine issue as to any material fact and that moving party is entitled to judgment as a matter of law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" if it hinges on the substantive law at issue and it might affect the outcome of the nonmoving party's claim. *See id.* ("Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."). The court's focus in reviewing a motion for summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 252; *Bishop v. Birmingham Police Dep't*, 361 F.3d 607, 609 (11th Cir. 2004).

The moving party bears the initial burden under Rule 56(c) of demonstrating the absence of a genuine issue of material fact. *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997). Once the moving party satisfies this burden, the burden shifts to the party

opposing the motion to go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." *Celotex v. Catrett,* 477 U.S. 317, 324 (1986). A factual dispute is genuine only if the evidence is such that a reasonable fact finder could return a verdict for the non-moving party. *Anderson,* 477 U.S. at 248; *Denney v. City of Albany,* 247 F.3d 1172, 1181 (11th Cir. 2001).

In assessing whether the movant has met its burden, the court should view the evidence in the light most favorable to the party opposing the motion and should resolve all reasonable doubts about the facts in favor of the non-moving party. *Denney,* 247 F.3d at 1181. In determining whether to grant summary judgment, the court must remember that "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Anderson,* 477 U.S. at 255.

### III. Discussion

#### A. Plaintiff's overtime claims

Plaintiff claims that Defendants violated the FLSA's overtime provisions, which require employers to compensate their employees at a rate not less than one and one-half times their regular rate of pay for hours worked in excess of forty hours per week. *See* 29 U.S.C. § 207(a).[2] In the Motion for Summary Judgment, Defendants argue that Plaintiff

---

[2] 29 U.S.C. § 207(a)(1) provides, in part:

> Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than

is exempt from the overtime provisions of the FLSA pursuant to the motor carrier exemption, and therefore I analyze whether Plaintiff falls within the scope of this exemption.

Whether an employee falls within the scope of an exemption to the FLSA is ultimately a legal question. *Rossi v. Associated Limousine Servs., Inc.*, 438 F.Supp. 2d 1354, 1359 (S.D. Fla. 2006). Under the law of this Circuit, the employer "bears the burden of proving the applicability of an FLSA exception by 'clear and affirmative evidence.'" *Klinedinst v. Swift Invs., Inc.*, 260 F.3d 1251, 1254 (11th Cir. 2001) (quoting *Birdwell v. City of Gadsden, Ala.*, 970 F.2d 802, 805 (11th Cir. 1992). In addition, exemptions to the FLSA are construed narrowly against the employer. *Birdwell*, 970 F.2d at 805; *Rossi*, 438 F.Supp. 2d at 1359.

The motor carrier exemption raised by Defendants provides that "[t]he provisions of section 207[3] of [the FLSA] shall not apply with respect to any employee with respect to whom the Secretary of Transportation has power to establish qualifications and maximum hours of service pursuant to the provisions of section 31502 of Title 49." 29 U.S.C. § 213(b)(1). Section 31502 provides that "[t]he Secretary of Transportation may prescribe requirements for (1) qualifications and maximum hours of service of employees of, and safety of operation and equipment of, a motor carrier; and (2) qualifications and maximum hours of service of employees of, and standards of equipment of, a motor private carrier,

---

one and one-half times the regular rate at which he is employed.

[3] As previously explained, Section 207 of the FLSA is entitled "Maximum Hours" and requires certain compensation for hours worked in excess of forty hours per week. *See* 29 U.S.C. § 207(a)(1).

5

when needed to promote safety of operation . 49 U.S.C. § 31502(b).[4]

According to the Eleventh Circuit, the Secretary of Transportation has the power to establish these qualifications and maximum hours for employees who both "(1) are employed by carriers whose transportation of passengers or property by motor vehicle is subject to the Secretary's jurisdiction under the Motor Carrier Act; and (2) engage in activities of a character directly affecting the safety of operation of motor vehicles in the transportation on the public highways of passengers or property in interstate or foreign commerce within the meaning of the Motor Carrier Act." *Baez v. Wells Fargo Armored Serv. Corp.*, 938 F.2d 180, 181-182 (11th Cir. 1991). Therefore, in order to conclude that Plaintiff is exempt from the FLSA's overtime provisions in Section 207, I must determine both that Plaintiff is an employee who meets both of the above prongs. *Morrison v. Quality Transps. Servs., Inc.*, 474 F.Supp. 2d 1303, 1308-1309 (S.D. Fla. 2007) (Dimitrouleas, J.) (citing 29 C.F.R. § 782.2(a)).

1.   Defendant was a "motor carrier."

With respect to the first prong, a "commercial motor vehicle" is defined by statute

---

[4] 49 U.S.C. § 13501 provides, in part, that

> The Secretary and the Board have jurisdiction, as specified in this part, over transportation by motor carrier and the procurement of that transportation, to the extent that passengers, property, or both, are transported by motor carrier–
> (1) between a place in –
>     (A) a State and a place in another State;
>     (B) a State and another place in the same State through another State . . .
> 29 U.S.C. § 13501.

6

to be a "self-propelled or towed vehicle used on the highways in interstate commerce to transport passengers or property, if the vehicle – (A) has a gross vehicle weight rating or gross vehicle weight of at least 10,001 pounds, whichever is greater." 49 U.S.C. § 31132(1). According to the affidavits submitted by Defendants, Plaintiff drove a vehicle or vehicles while employed by Defendants which weighed in excess of 10,001 pounds and which were used to transport mail. Based on this evidence, the vehicle or vehicles that Plaintiff drove qualify as a "commercial motor vehicles." Defendants' contract with the U.S. Postal Service includes a provision which requires compliance with Department of Transportation safety provisions. Plaintiff did not submit any evidence on summary judgment to contradict Defendants' submissions.

In addition, the evidence on summary judgment demonstrates that Plaintiff was engaged in interstate commerce while employed by Defendants, and the Secretary of Transportation therefore has jurisdiction over Plaintiff's transportation of mail for the U.S. Postal Service. See 49 U.S.C. § 13501. It is undisputed both that Plaintiff drove the vehicles to pick up and deliver mail, and that some of this mail was either destined for locations outside of the Florida or was transported from out of state to locations within Florida. Although Plaintiff himself is not alleged to have traveled outside of the state of Florida, Plaintiff's role in transporting the mail nevertheless satisfies the interstate commerce requirement. *Alvarado v. I.G.W.T. Delivery Sys., Inc.*, 410 F.Supp. 2d 1272, 1277 (S.D. Fla. 2006) (Moreno, J.) ("It is irrelevant that the Plaintiffs themselves only traveled within the South Florida area picking up and delivering packages, as this is enough to satisfy the interstate commerce requirement.") (citing *Baez*, 938 F.2d at 182; *see* 29 C.F.R. § 782.7(b)(1); *see also Rossi*, 438 F.Supp. 2d at 1360 (stating that the interstate

requirement of the Motor Carrier Act may be satisfied even if the employee of a carrier does not cross state lines, but holding that limousine service was not subject to the authority of the Secretary of Transportation and the Motor Carrier Act because the limousine service "failed to demonstrate that its involvement in interstate commerce was beyond a remote possibility").

Accordingly, I conclude as a matter of law that the Defendant Milum, Inc. was a motor carrier whose transportation of property was subject to the Secretary of Transportation's jurisdiction under the Motor Carrier Act, thus meeting the first prong for the motor carrier exemption.

2. <u>Plaintiff was engaged in activities which directly affected the safety of operation of motor vehicles in interstate commerce</u>

Utilizing a similar analysis, I conclude as a matter of law that Plaintiff was engaged in activities that directly affected the safety of operation of motor vehicles in interstate commerce. As explained previously, Plaintiff's role in transporting mail for the U.S. Postal Service satisfies the interstate commerce requirement, even if Plaintiff himself did not travel outside of the state of Florida. See *Alvarado*, 410 F.Supp. 2d at 1277.

It is undisputed that Plaintiff drove a motor vehicle to transport U.S. mail for Defendants. According to federal regulations, a driver is defined as "an individual who drives a motor vehicle in transportation which is, within the meaning of the Motor Carrier Act, in interstate or foreign commerce." 29 C.F.R. § 782.3(a). The regulations further specify that "[t]he work of an employee who is a full-duty or partial duty 'driver,' as the term 'driver' is above defined, directly affects 'safety of operation' within the meaning of section 204 of the Motor Carrier Act whenever he droves a motor vehicle in interstate or foreign

8

commerce within the meaning of that act." 29 C.F.R. § 782.3(b). Applying these regulations, I conclude as a matter of law that Plaintiff directly affected the safety of operation of motor vehicles in interstate commerce in his position as a driver for Defendants. See Alvarado, 410 F.Supp. 2d at 1277-1278. Therefore, the second prong of the motor vehicle exemption to the FLSA's overtime provisions is also met.

Plaintiff argues that he is not exempt pursuant to the motor carrier exemption because Defendants operate under a contract with the U.S. Postal Service. See Steinmetz v. Mitchell, 268 F.2d 501 (5th Cir. 1959). In Steinmetz, the Fifth Circuit concluded as a matter of law that defendants who were transporting mail under contract with the U.S. Postal Service were not contract carriers and therefore were not subject to the motor carrier exemption to the FLSA. Id. at 502-503. When Steinmetz was decided, however, both the Wage and Hour Division of the Department of Labor and the Interstate Commerce Commission[5] had taken the position that the transportation of mail under contract with the U.S. Postal Service was not subject to the Motor Carrier Act, and the Steinmetz court gave "great weight" to the agencies' interpretations. Id.

These agencies now take the opposite position. In 1972, the Department of Transportation ("DOT") asserted its power to establish maximum hours and qualifications for employees working under a contract with the U.S. Postal Service, 29 C.F.R. § 782.8(b); 37 Fed. Reg. 11781, and the Wage and Hour Division of the Department of Labor incorporated the DOT's more recent interpretation of the Motor Carrier Act in a 2005

---

[5] The Interstate Commerce Commission enforced the Motor Carrier Act before the authority to enforce the Act was transferred to the Department of Transportation. See, e.g., 29 C.F.R. § 782.1(a).

9

opinion letter dated July 29, 2005. Because the *Steinmetz* court gave "great weight" to agency interpretations that the agencies themselves have now abandoned, I conclude that the *Steinmetz* decision is limited to its facts and does not control the matter before me.

Therefore, for the reasons stated above, I hold that Plaintiff is exempt from the FLSA's overtime provisions pursuant to the motor carrier exemption, and I grant summary judgment in favor of Defendants with respect to Plaintiff's overtime claims.

B.  Plaintiff's remaining claims

In his Amended Complaint, Plaintiff also brings claims for minimum wage and straight time wage violations, alleging that he was not paid at all for the hours he worked in excess of forty hours per week. In their Reply, Defendants argue Plaintiff cannot in good faith maintain a claim for minimum wage violations. Defendants assert that Plaintiff's Statement of Claim and Amended Complaint imply that he was paid $21.50 per hour for his first forty hours per week. Thus, even if Plaintiff's allegations were true that he was not paid at all for his hours worked in excess of forty hours per week, Defendants argue that Plaintiff would still have received at least the minimum wage on average for all his hours worked.

This may raise a jurisdictional issue that has not been sufficiently addressed or briefed by the parties. The only federal claims brought by Plaintiff in his Amended Complaint are pursuant to the FLSA, and if there is no violation of the FLSA, then I may not have jurisdiction over this case.

As discussed at oral argument, I will allow supplemental filings on these issues. Defendants' filing shall be due on or before May 16, 2008, and Plaintiff's reply shall be due on or before Friday, May 30, 2008. If either Plaintiff or Defendants need to reopen

discovery on factual issues related to these jurisdictional concerns, the parties shall notify the Court as soon as possible, but no later than May 9, 2008. Accordingly, it is hereby

ORDERED AND ADJUDGED that

1. The Motion to Dismiss [DE 8] is DENIED as moot.

2. The Motion for Summary Judgment [DE 30] is GRANTED in part. It is GRANTED with respect to Plaintiff's overtime claims, and I reserve to rule on the Plaintiff's claims for minimum wage and straight time violations.

3. Defendants' supplemental filing is due on or before May 16, 2008, and Plaintiff's reply is due on or before May 30, 2008.

4. If either Plaintiff of Defendants wish to reopen discovery, they shall notify the Court as soon as possible, no later than Friday, May 9, 2008.

DONE AND ORDERED in Chambers in Miami, Florida this 5 day of May, 2008.

_____
THE HONORABLE ALAN S. GOLD
UNITED STATES DISTRICT JUDGE

cc:
U.S. Magistrate Judge Chris McAliley
All counsel of record